MURDOCK, Justice
(concurring in the result).
I am somewhat skeptical of the notion implied in the position taken by petitioners, i.e., that the financial arrangements between an attorney and client generally are not, by their very nature, privileged, personal, and confidential. Under the facts of this case, including the limited nature of the information sought and the purposes for which it has been subpoenaed, I concur in the result reached by the main opinion.
As I understand it, the nature and purpose of the discovery sought are as reflected in the “motion to reconsider” filed by the petitioners in the trial court:
“The information which was requested by [the petitioners] from Parkman ... is simply regarding the source and identity of the payments that were made to those firms by or on behalf of Scrushy and Marin, Ltd.... [Discovering the source of payments made by Scrushy could lead [the petitioners] to bank or brokerage accounts subject to garnishment that have yet to be located or identified. Additionally, discovering the identity of the payors could lead to evidence regarding an alter ego or the location of hidden assets. Finally, discovering the amount of the payments will help to determine what happened to Scrushy’s net worth, which was estimated to be approximately $300 million in 2003. At his deposition, Scrushy testified that since 2003, roughly $100 million of his net worth went to pay lawyers. [The petitioners] are entitled to test Scrushy’s contention and to trace what happened to Scrushy’s known assets since 2003.”